UNITED STATES DISTRICT COURT OFFICE
DISTRICT OF MASSACHUSETTS

2004 MAR -2 P 4: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

|                              |   |
|------------------------------|---|
| UNITED STATES OF AMERICA     | ) |
|                              | ) |
| v.                           | ) |
|                              | ) |
| DARNELL MOORE,               | ) |
|                              | ) |
| Defendant                    | ) |

CRIMINAL NO. 03-10077-PBS
10388

## JOINT INITIAL STATUS CONFERENCE REPORT

Pursuant to Local Rule 116.5(A), the United States and the defendant, Darnell Moore, (collectively, the "parties") state as follows:

(1) The government has produced discovery pursuant to L.R. 116.1 and is in the process of copying audio recordings and surveillance photographs, which are also discoverable. The government will produce these items on or before March 5, 2004. In addition, the parties have agreed that, on or before March 5, 2004, the government will make additional disclosures concerning an identification procedure employed by police in this case. The parties agree that the period for the filing of a discovery letter pursuant to L.R. 116.3 should be enlarged to April 15, 2004 to permit the defendant adequate time to review discovery, including lengthy audio recordings.

(2)     The parties agree that the government will make the requisite expert witness disclosures thirty (30) days prior to trial; the defendant shall make reciprocal disclosures fifteen (15) days prior to trial.

(3) The parties anticipate providing additional discovery in accordance with items (1) and (2) above.

(4) The defendant requires additional time to determine whether to file a motion to suppress or dismiss and will file any such motion on or before May 1, 2004.

(5) The indictment in this case was filed on December 17, 2003. The parties agree that the following periods have been or should be excluded under the Speedy Trial Act:

- 12/17/03 to 1/23/04: This period should be excluded under 18 U.S.C. §3161(h)(1)(H) because, during this period, the defendant was transported from another district to the District of Massachusetts to make his initial appearance in this case. The parties agree that the period of time consumed for this purpose was reasonable and should be excluded.

- 1/23/04 to 2/20/04: This period was properly excluded by the Court (Docket Entry 7) pursuant to 18 U.S.C. §3161(h)(H)(8)(A) and L.R. 112 in order to permit the parties to engage in discovery.

- 3/1/04 to the date of the final status conference: The parties agree that this period should be excluded because the defendant's interest in completing discovery and determining whether to file a motion to suppress or dismiss outweighs his interest or that of the public in a speedy trial.

(6) In the event of trial, the parties anticipate a one-week trial.

(7) The parties propose that the Court convene an interim or final status conference in early May 2004.

In the parties' view, there is no need to convene an initial status conference.

Respectfully submitted,

DARNELL MOORE
By his Attorney

MICHAEL J. SULLIVAN
United States Attorney

By:

_Rory Delaney by P.G.C._
RORY DELANEY, ESQ.
Thomas & Associates
600 Atlantic Avenue
Boston, MA 02210

_John A. Capin by P.G.C._
JOHN A. CAPIN
Assistant U.S. Attorney
(617) 748-3264

2